82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hurstle WORLEY, Petitioner,
v.
BLUE DIAMOND COAL COMPANY, and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-3229.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1996.
 
 Before: MARTIN and BATCHELDER, Circuit Judges, and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 We are asked in this appeal to review whether the administrative law judge erred by failing to properly evaluate, characterize, and weigh the medical evidence in this claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945, when he concluded that Hurstle Worley failed to invoke the interim presumption of entitlement under 20 C.F.R. § 727.203(a)(2) and (4). For reasons stated below, we AFFIRM in part, REVERSE in part, and REMAND for further consideration consistent with this opinion.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 After twenty-two years in the coal mines, Hurstle Worley filed a claim for disability benefits under the Act in 1978. A hearing was finally held in July, 1987, before an administrative law judge. The ALJ, in a Decision and Order issued in May, 1988, denied benefits, holding that the evidence presented failed to invoke the interim presumption of 20 C.F.R. § 727.203(a). Section 727.203(a) presumes total disability for a living miner employed for at least 10 years if one of the following medical requirements is met: (1) X-ray or biopsy evidence establishes pneumoconiosis; (2) ventilatory study results meet the regulatory criteria for establishing a chronic respiratory or pulmonary disease; (3) arterial blood gas study results meet the regulatory criteria for establishing an impairment in lung function; or (4) reasoned physicians' opinions establish the presence of a totally disabling respiratory or pulmonary impairment. This presumption is rebuttable if the requirements of § 727.203(b) are satisfied. Specific to this appeal, the ALJ found that the most recent pulmonary function study failed to invoke the presumption under subsection (2) and the physician opinions failed to invoke the presumption under subsection (4). Therefore, benefits were denied.
 
 
 3
 Worley appealed the decision to the Benefits Review Board, which remanded the claim for reconsideration since the ALJ had failed to consider the opinion of Dr. Domm, which made a positive finding of pneumoconiosis. On remand, the ALJ issued a second Decision and Order once again denying benefits. Concluding that Dr. Domm's opinion was outweighed by the better reasoned and better supported contradictory opinions of four other equally qualified pulmonary specialists, the ALJ found that consideration of Dr. Domm's opinion did not mandate a different result than that contained in the first Decision and Order.
 
 
 4
 More than two years later, the Board affirmed the ALJ's decision. The Board found substantial evidence supported the ALJ's decision since, rather than engaging in a mechanical application of the "later evidence" rule,[1] the ALJ qualitatively weighed the factors of the case. Additionally, the Board found there was ample evidence to support the ALJ's decision in the form of negative x-ray evidence, non-qualifying pulmonary function studies and physicians' opinions. Following the Board's decision, Worley brought this timely appeal.
 
 II. ANALYSIS
 
 5
 We review the issue before us to determine whether the Board adhered to its statutory scope of review, which requires it to affirm an administrative law judge's decision if it is supported by substantial evidence and is in accordance with applicable law. Peabody Coal Co. v. Greer, 62 F.3d 801, 804 (6th Cir.1995). Judicial review is directed to the question of whether the ALJ and the Board based their decision on substantial evidence. Saginaw Mining Co. v. Ferda, 879 F.2d 198, 205 (6th Cir.1989) (citations omitted).
 
 
 6
 A. The Reconciliation of Conflicting Evidence
 
 
 7
 When an ALJ is faced with conflicting evidence, there are several ways in which she may reconcile such evidence, including the "later evidence" rule. As noted above, "[t]his rule ... has generally been invoked to credit more recent positive study results over earlier negative results, in light of the known progressive nature of pneumoconiosis." Woodward v. Director, OWCP, 991 F.2d 314, 319 (6th Cir.1993). We have rejected this reasoning when the pattern is reversed and newer results are negative. Id. at 320 (requiring more than an appeal to the "later evidence" rule when resolving conflicting evidence); see also Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 151 (1987) (holding that because pneumoconiosis is a progressive and irreversible disease, "early negative ... readings are not inconsistent with significantly later positive readings ..., [t]his proposition is not applicable where the factual pattern is reversed."); Thorn v. Itmann Coal Co., 3 F.3d 713, 718 (4th Cir.1993) (holding that recency, in and of itself, is not sufficient to credit one piece of evidence over another, but is "an abdication of rational decisionmaking."); Adkins v. Director, OWCP, 958 F.2d 49, 52 (4th Cir.1992) (striking down as arbitrary and irrational the practice of blindly ascribing more weight to the most recent evidence). It is clear that a reasoned approach to a resolution of conflicting evidence is required; the "later evidence" rule alone is insufficient.
 
 
 8
 Worley and the Director contend that the ALJ's decision impermissibly mechanically applied the "later evidence" rule to resolve conflicts in the pulmonary function studies and in the physician opinion evidence. Worley and the Director contend that in the absence of such mechanical application, the presumption would have been invoked under 20 C.F.R. § 727.203(a)(2) and (4). In support of their argument, they focus on language in both the 1988 and 1993 ALJ decisions which appears to resolve conflicting evidence solely by an appeal to recency. We examine the ALJ's analysis under each subsection in turn.
 
 
 9
 B. The Presumption Under 20 C.F.R. § 727.203(a)(2)
 
 
 10
 The evidence presented under 20 C.F.R. § 727.203(a)(2) consisted of conflicting pulmonary function studies. Of the nine studies presented, only six contained enough information to be considered.[2] Two of the six results were sufficient to invoke the presumption, or "qualifying," including two of the three most recent studies.[3] In his 1988 Decision, the ALJ stated that "more recent evidence is entitled to greater weight.... Noting that the most recent study is non-qualifying, as are three of the five earlier conforming studies, I find that the weight of the evidence is non-qualifying...." The Board affirmed this aspect of the decision and therefore it was not addressed on remand.
 
 
 11
 It is apparent that the ALJ simply engaged in a "later is better" analysis, with a hint of quantitative evaluation; noticeably absent is a qualitative evaluation of the pulmonary function studies. See Woodward v. Director, OWCP, 991 F.2d 314, 319-21 (6th Cir.1993); Adkins, 958 F.2d at 51. The ALJ stated that, excluding the most recent non-qualifying study, three of the five earlier studies were non-qualifying. The combination of later evidence with quantitative evaluation does not provide a reasoned basis in this case. While it is true that three of the five were non-qualifying, the two most recent of the five were qualifying. If the sixth and most recent study is considered, two of the three most recent studies are qualifying. Thus the ALJ's justifications may be turned on their head and we think a more reasoned and quantitative evaluation would be preferable and in greater harmony with Congressional intent and case law. See Thorn v. Itmann Coal Co., 3 F.3d 713 (4th Cir.1993); Woodward, 991 F.2d at 321; Adkins, 958 F.2d at 52.
 
 
 12
 We find that recency alone is insufficient to reconcile conflicting evidence where the most recent evidence shows that the miner has "improved," a more reasoned explanation is required. We therefore vacate the Board's 20 C.F.R. § 727.203(a)(2) finding and remand this case to the ALJ for further consideration of the pulmonary function studies to determine if the evidence is sufficient to establish invocation of the interim presumption under § 727.203(a)(2).
 
 
 13
 C. The Presumption Under 20 C.F.R. § 727.203(a)(4)
 
 
 14
 The ALJ was confronted with conflicting evidence when examining whether the presumption was invoked by physician opinion under § 727.203(a)(4). In reconciling the conflict between Dr. Domm's opinion and the opinions of four other doctors, the ALJ noted their qualifications, the number of well-reasoned medical opinions failing to find Worley totally disabled, and the probative significance of the most recent examinations.
 
 
 15
 The ALJ also addressed the medical reports which diagnosed pneumoconiosis. In resolving the conflict between the three reports finding pneumoconiosis and the five failing to do so, the ALJ emphasized the qualifications and reasoning of the doctors involved. The three reports which diagnosed pneumoconiosis were based, at least in part, on x-rays which were later reread negative by "B" readers[4] whose "more recent opinions" were "better reasoned since they [were] better supported by the finding from the physical examinations and objective tests which were performed."
 
 
 16
 We find that, while the ALJ did employ the "later evidence" rule in his analysis of this subsection, he did not do so mechanically. We also find more to the ALJ's reasoning than simply the conclusion that "later is better." Adkins v. Director, OWCP, 958 F.2d 49, 51 (4th Cir.1992). The ALJ resolved conflicting evidence by appeal to the "later evidence" rule and to other rationales as well. Woodward v. Director, OWCP, 991 F.2d 314, 320 (6th Cir.1993). We conclude that the ALJ's decision not to invoke the presumption under § 727.203(a)(4) based on physician opinion is supported by substantial evidence.
 
 III. CONCLUSION
 
 17
 We AFFIRM the Board's decision with regard to the ALJ's finding under 20 C.F.R. § 727.203(a)(4), but we REVERSE and REMAND for further consideration consistent with this opinion the decision under 20 C.F.R. § 727.203(a)(2).
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 "In a nutshell, the theory is: (1) pneumoconiosis is a progressive disease; (2) therefore, claimants cannot get better; (3) therefore, a later test or exam is a more reliable indicator of the miner's condition than an earlier one." Adkins v. Director, O.W.C.P., 958 F.2d 49, 51 (4th Cir.1992)
 
 
 [2]
 Three of the studies were properly excluded due to missing information, such as missing MVV values or failure to note Worley's effort
 
 
 [3]
 The most recent study failed to qualify by the narrow margin of three-one-hundredths of a point
 
 
 [4]
 "A 'B' reader is a physician who has demonstrated a proficiency in assessing and classifying X-ray evidence of pneumoconiosis by successfully completing an examination conducted by or on behalf of the Department of Health and Human Services." Woodward, 991 F.2d at 316 n. 4